ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --               )
                                        )
Langdon Engineering & Mgt.       )     ASBCA No. 61959
                                          )
Under Contract No. N00244-15-P-0294    )

APPEARANCE FOR THE APPELLANT:        Mr. Albert L. Swank Jr.
                                                     Owner/Principal

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
                                                     Navy Chief Trial Attorney
                                                     Russell A. Shultis, Esq.
                                                      Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE CLARKE ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

       The Navy moves to dismiss this appeal for lack of jurisdiction. The Navy relies on a September 27, 2018 email transmitting the final decision as the start of the 90-day appeal period. Langdon Engineering & Mgt. (Langdon) opposes, contending that a second certified mail transmitting the final decision, received on November 5, 2018, started the 90-day appeal period and since his appeal was at 88 days, it was timely. We have jurisdiction pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. Accordingly, we deny the Navy's motion.

## STATEMENT OF FACTS (SOF) FOR THE PURPOSES OF THE MOTION

       1. On May 22, 2015, the Navy awarded Langdon Contract No. N00244-15-P-0294 in the amount of $77,295.28, to refurbish bow thruster nozzles for Navy landing craft (R4, tab 1 at 1, 3).[1]

       2. Throughout the contract performance period Langdon and the Navy routinely communicated via email (R4, tabs 4, 6-7) and mail (R4, tabs 5, 8). According to Contracting Officer (CO) Brian O'Donnell, email was the "primary means of communication" (R4, tab 16 at 1).

       3. CO O'Donnell terminated Contract No. N00244-15-P-0294 for cause on September 27, 2018 (R4, tab 9). In the Notice of Termination letter, CO O'Donnell notified Langdon of its appeal rights, including the 90-day appeal period from the date

---

[1] In this decision the Board cites to PDF page numbers.

Langdon received the decision (*id.*). Contract Modification No. P00003 terminating the contract was also signed by CO O'Donnell on September 27, 2018 (R4, tab 10). CO O'Donnell emailed the Notice of Termination letter and Modification No. P00003 to Langdon on September 27, 2018 (R4, tabs 11-12). CO O'Donnell also sent the Notice of Termination letter and Modification No. P00003 to Langdon by certified mail (R4, tab 12 at 1).

4. On October 29, 2018, Langdon's owner, Mr. Albert Swank, emailed CO O'Donnell confirming that on October 13, 2018, the U.S. Postal Service left a notice of certified mail in Langdon's mailbox. Mr. Swank stated that he was unable to retrieve the certified mailed documents from the post office because he was traveling at the time:

> I have been traveling on other business matters and not in the State of Alaska. No other party is allowed to legally sign for any legal or certified documents in my absence's [sic]. A certified notice (paper slip) was received/placed in our business mail box on 10-13-18 by the US Postal Service with a mail back to the sending address of 10-20-18. The document has been returned to your address as I have checked with the Post Office. You will need to resend/mail the documents again so that I can receive and legally sign for receipt appropriately as required.

(R4, tab 13 at 2)

5. CO O'Donnell responded to Langdon's October 29, 2018 email on October 30, 2018:

> Mr. Swank, good afternoon. As a courtesy, we will resend a copy of the attached modification P00003 dated 9/27 2018 and Notice of Termination dated 9/27 2018 through certified mail as requested. I have also attached copies of both documents to this email. Both documents were sent via email on 9/27/2018 as well. Based on your below 10/29/2018 reply email, these documents have already been successfully received.

(R4, tab 13 at 1)

6. Langdon received the second certified mail delivery of the September 27, 2018, Notice of Termination and Modification No. P00003 on November 5, 2018 (R4, tab 14).

2

7. By email dated December 7, 2018, Langdon informed CO O'Donnell that the legal receipt date of the Notice of Termination and Modification No. P00003 was November 5, 2018, when it received the second certified mailing (app. opp'n, ex. AE 0002). Mr. Swank then wrote:

> As required by law and the Contract Disputes Act and my legal right to dispute your actions I will be filing an appeal to your "Termination for cause/commercial" notification as received on 11/05/2018 and will follow as necessary by federal court proceedings if necessary and other actions as allowed with the Naval system.[2]

(*Id.*)

8. By email to the Armed Services Board of Contract Appeals (ASBCA) dated February 1, 2019, Langdon appealed CO O'Donnell's Termination for Cause (R4, tab 15 at 1). Mr. Swank stated, "This letter/document (Letter 1, Ammend 1 [sic], Cert 1) was not received/read by myself until 11/5/2018 this being my signature date for the US postal mailed certified document received" (*id.*). This email was set 88 days after receipt of the second certified mail delivery.

9. The ASBCA docketed Langdon's appeal as ASBCA No. 61959 on February 5, 2019.

## DECISION

*Relevant Legal Precedents*

It is well settled that a contractor must file a notice of appeal within 90 days of receipt of a final decision in order to vest the Board with jurisdiction under the CDA. *AST Anlagen-und Sanierungstechnik GmbH*, ASBCA No. 51854, 04-2 BCA ¶ 32,712 at 161,836. Notice of an appeal may be by email if it meets four criteria: (1) the email is within 90 days of receipt of the termination notice; (2) it is provided in writing; (3) expressed dissatisfaction with the termination; and (4) the email appealed to a higher authority. *Aerospace Facilities Group, Inc.*, ASBCA No. 61026, 18-1 BCA ¶ 37,105 at 180,604. The government's sending multiple copies of the contracting officer's final

---

[2] Exhibit AE 0001 to Langdon's opposition is a draft version of the December 7, 2018 email that was not sent to the Navy (app. opp'n at 1). In this draft Langdon stated, "I have not currently filed a claim" and the Government contract claims are subject to the Contract Disputes Act, which requires the claim to be presented first to the Contracting Officer" (app. opp'n, ex. AE 0001 at 1). This language was not included in the email that was sent (app. opp'n, ex. AE 0002).

decision without stating which copy begins the 90-day appeal period creates confusion as to the date to appeal; this, the decision, the contractor is entitled to compute the date for appeal from receipt of the last copy. *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434. An exception exists when appellant specifically asks that the government send correspondence in a particular way such as email. *Quimba Software, Inc.*, ASBCA No. 57636, 12-1 BCA ¶ 34,910 at 171,651.

*Contentions of the Parties*

The Navy contends that the 90-day appeal period began on September 27, 2018, when Langdon received the Notice of Termination and Modification No. P00003 by email (gov't mot. at 4; SOF ¶ 3). According to the Navy, the February 1, 2019 appeal was 127 days from Langdon's receipt of the Notice of Termination/final decision and modification terminating the contract on September 27, 2018, and, therefore, the notice of appeal is late depriving the ASBCA of jurisdiction (*id.* at 4).

Langdon asserts several theories supporting our jurisdiction. First, ninety days from September 27, 2018, is December 26, 2018. Langdon contends that its December 7, 2018 email to CO O'Donnell constituted a notice of appeal within the 90-day appeal period. (App. opp'n at 2; SOF ¶ 7) Second, the September 27, 2018 date should not be the start date for the 90-days because Langdon's owner, Mr. Swank, "neither opened [n] or read this email or a re-mailed US postal certified copy until much later" (app. opp'n at 2, 6-10). Langdon contends, "The 1st certified mailing of the documents, Notice of Contract Termination for cause/commercial, final decision and contract termination modification prepared by the CO was not received by Langdon" (app. opp'n at 10). Langdon argues, "Both the 2nd US certified mailed documents and the email sent September 27, 2018 by the CO were first contractual legally received, opened and read by Langdon the same day November 5, 2018" (*id.* at 10). Langdon contends his February 1, 2019 appeal was 87 days from the start of the 90-day appeal period on November 5, 2018 (*id.* at 11). Langdon points out that it has only one employee and owner, Mr. Swank (*id.* at 12).

*Discussion*

The first notice to Langdon of the termination was by email on September 27, 2018 (SOF ¶ 3). Although the Navy included a declaration by CO O'Donnell in the Rule 4 stating that email was the "primary means of communication" with Langdon, he does not state and there is no evidence in the record that Langdon specifically requested that all communication be by email (SOF ¶ 2). Our case precedent that affords a preference to email is based on such a request from an appellant to use a particular method, a fact that is not present in this case. *Quimba*, 12-1 BCA ¶ 34,910 at 171,651.

4

The Navy is correct that Langdon cannot avoid the running of the 90-day appeal period on September 27, 2018, by not reading the email containing the Notice of Termination and Modification No. P00003 received on that date (gov't reply br. at 1). The Navy is correct that the February 1, 2019 appeal was 127 days from Langdon's receipt by email of the Notice of Termination/final decision and Modification No. P00003 terminating the contract on September 27, 2018. The certified mail containing the Notice of Termination and Modification No. P00003 was received at Langdon's post office on October 13, 2018, was not opened by Langdon, and returned to the Navy on October 20, 2018. (SOF ¶ 4) Langdon's appeal was filed 111 days from receipt of the certified mail package by Langdon's post office which is also late. By either measure, the email or certified mail, Langdon's appeal is late. That would deprive the Board of jurisdiction if there were not more for us to consider.

Langdon contends its December 7, 2018 email to CO O'Donnell (SOF ¶ 7) was a timely notice of appeal (app. opp'n at 1). Ninety days from September 27, 2018, is December 26, 2018, so the email could be a timely appeal. We apply the four criteria stated above to this email. The first three are clearly met: it is timely, it is in writing, and by expressing his right to dispute the termination it articulates dissatisfaction with the September 27, 2018 action. However, we interpret the fourth criteria as expressing a present intent to appeal. *Afghan Active Group (AAG)*, ASBCA No. 60387, 16-1 BCA ¶ 36,349 at 177,212. By stating, "I will be filing an appeal," (SOF ¶ 7) Langdon is expressing an intent to appeal in the future. Therefore, Langdon fails to meet the fourth criteria necessary for the Board to hold that the December 7, 2018 email was a timely appeal. The Navy is correct again.

The Navy, however, is not correct in its analysis of the second certified mail submission of the Notice of Termination and Modification No. P00003 on November 5, 2018 (SOF ¶ 6). The Navy confuses the record by misinterpreting Langdon's October 29, 2018 email. The Navy argues that Langdon asked that the documents be sent certified mail, "When Langdon requested that the contracting officer *resend his final decision by certified mail* in an email dated 29 October 2018...." (Gov't reply br. at 2) (Emphasis added) Langdon's email however reads, "You will need to resend/mail the documents again so that I can receive and legally sign for receipt appropriately as required" (SOF ¶ 4). We decline to infer from this language that the use of certified mail was at Mr. Swank's request. This language does not unambiguously support the Navy's argument that Langdon requested that the November 5, 2018 mail be sent certified mail. It was CO O'Donnell's reply that refers unambiguously to certified mail: "As a courtesy, we will resend a copy of the attached modification P00003 dated 9/27 2018 and Notice of Termination dated 9/27 2018 through *certified mail* as requested."[3] (SOF 5) (Emphasis added)

---

[3] It is understandable that the language "as requested" might cause confusion, but after comparing Mr. Swank's October 29, 2018 email (SOF ¶ 4) with CO O'Donnell's

5

The central concept of our case law in this area is confusion. *TTF*, 15-1 BCA ¶ 35,883 at 175,434. When the government sends multiple copies of a final decision without making the appeal start date clear there is confusion on the part of the contractor and the last delivery date of the final decision starts the 90-day appeal period. *Id.* We conclude that there is ample evidence of confusion on the part of Langdon. CO O'Donnell knew Mr. Swank apparently did not understand that the September 27, 2018 email and October 13, 2018 certified mail was effective delivery to Langdon even if Mr. Swank was out of town and did not see the certified mailing. (SOF ¶¶ 4-5) On October 30, 2018, when CO O'Donnell emailed Mr. Swank agreeing to send a "courtesy" copy of the final decision (SOF 5) there was still time to timely file an appeal because only 33 days had elapsed since September 27, 2018. CO O'Donnell could have easily added language to his email informing Mr. Swank that the courtesy copy would not change the September 27, 2018, 90-day start date. Nowhere in the record is there any evidence that CO O'Donnell told Mr. Swank that the second certified mailing did not change the fact that the 90-day appeal period started on September 27, 2018. It would have been so easy for CO O'Donnell to avoid this confusion and our decision finding jurisdiction had he done so. CO O'Donnell resent the final decision and Modification No. P00003 by certified mail. (SOF ¶ 6) Using certified mail for the second submission of the final decision creates confusion over the start of the 90-day appeal period. Therefore, the 90-day appeal period started on November 5, 2018, when the second certified mailing was delivered to Langdon. Langdon's February 1, 2019 appeal email to the Board was 88 days from the start of the 90-day period and is timely.

## CONCLUSION

For the reasons stated above, we deny the Navy's motion.

Dated: August 22, 2019

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

October 30, 2018 email (SOF ¶ 5) we conclude that the decision to use certified mail was CO O'Donnell's.

6

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61959, Appeal of Langdon Engineering & Mgt., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals